# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND KANGAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, a limited liability company; and DOES 1 to 25, inclusive,<br><br>Defendant. | Case No.:  3:26-cv-02209-H-JAC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 7] |

On March 5, 2026, Plaintiff Raymond Kangas filed a complaint against TransUnion LLC in the Superior Court of California, County of San Diego. (Doc. No. 1-2.)  On April 3, 2026, Defendant answered the complaint. (Doc. No. 2.)  On April 8, 2026, Defendant removed the action to this court and filed its April 3, 2026 answer in the docket. (Doc. No. 1; 2.)  On May 7, 2026, Plaintiff filed a motion to remand the action to Superior Court of California, County of San Diego. (Doc. No. 7.)  On June 1, 2026, Defendant filed its opposition. (Doc. No. 9.)  On June 8, 2026, Plaintiff filed his reply. (Doc. No. 10.)  On July 8, 2026, the Court took Plaintiff's motion to remand under submission.  For the reasons below, the Court **DENIES** Plaintiff's motion to remand.

/ / /

/ / /

/ / /

**Background**

The following background is taken from the allegations in Plaintiff's state court complaint.  On or around May 2023, Monevo US hired Plaintiff to work for them.  (Doc. No. 1-2, ¶ 17.)  On or around April 2025, Defendant acquired Monevo, making Plaintiff an employee of Defendant.  (Doc. No. 1-2, ¶ 18.)  About one month later in May 2025, Plaintiff disclosed a disability to Defendant and requested reasonable accommodations.  (Doc. No. 1-2, ¶ 20.)  Plaintiff's disability affected his ability to communicate and regulate his emotions, though Plaintiff and his treatment providers believe these limitations can be reasonably accommodated.  (Doc. No. 1-2, ¶ 21.)  Plaintiff alleges that Defendant repeatedly failed to acknowledge these accommodations or try to implement them or propose alternatives, despite Plaintiff's requests to do so.  (Doc. No. 1-2, ¶ 22.)

On or around June 5, 2025, Plaintiff emailed Defendant's agents Barbara Elky and Briana Cohen, highlighting his concerns about his accommodations.  (Doc. No. 1-2, ¶ 23.)  On June 13, 2025, Plaintiff sent a follow-up email about the FEHA accommodation process and reiterated he was willing to engage in the interactive process.  (Doc. No. 1-2, ¶ 24.)  Less than one hour later, Cohen emailed Plaintiff notifying him that he was being terminated.  (Doc. No. 1-2, ¶ 25.)  Plaintiff alleges that Defendant cited Plaintiff's manner of communication as a reason for his termination.  (Doc. No. 1-2, ¶ 25.)  Plaintiff alleges that Defendant knew or had reason to know his manner of communication was related to his disability and accommodation requests.  (Doc. No. 1-2, ¶ 25.)  Plaintiff further alleges that Defendant made no effort to accommodate Plaintiff's disability prior to termination.  (Doc. No. 1-2, ¶ 25.)  Plaintiff states that Defendant, at a minimum, did not complete the interactive process under FEHA, accept Plaintiff's proposed accommodations, or suggest alternatives.  (Doc. No. 1-2, ¶ 25.)  On November 19, 2025, Plaintiff requested his personnel and payroll records from Defendant.  (Doc. No. 1-2, ¶ 26.)  Plaintiff alleges that Defendant did not reply.  (Doc. No. 1-2, ¶ 27.)

On March 5, 2026, Plaintiff filed a complaint in the Superior Court of California, County of San Diego bringing eight causes of action.  (Doc. No. 1-2, ¶¶ 28–103.)  Plaintiff

alleges disability discrimination (Cal. Gov't Code § 12940(a)), failure to accommodate (Cal. Gov't Code § 12940(a)), failure to engage in interactive process (Cal. Gov't Code § 12940(n)), retaliation (Cal. Gov't Code § 12940(h)), failure to prevent discrimination or retaliation (Cal. Gov't Code § 12940(k)), whistleblower retaliation (Cal. Lab. Code § 1102.5), failure to provide personnel records (Cal. Lab. Code § 1198.5), and failure to provide payroll records (Cal. Lab. Code § 226).  (Doc. No. 1-2, ¶¶ 28–103.)  Plaintiff seeks compensatory damages, special damages, mental and emotional distress damages, back and front pay, punitive damages, injunctive relief, and attorney's fees and costs.  (Doc. No. 1-2.)

On April 8, 2026, Defendant removed the action to United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1332 on diversity jurisdiction. (Doc. No. 1, ¶ 4.)  By the present motion, Plaintiff moves to remand the action back to Superior Court of California, County of San Diego for lack of subject matter jurisdiction. (Doc. No. 7.)

## Discussion

### I.      Legal Standard

"Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization."  Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018).  A federal court therefore must order remand if it lacks subject matter jurisdiction over an action.  Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  The removing party bears the burden of overcoming the "strong presumption against removal jurisdiction." Hansen, 902 F.3d at 1057; see Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists.").

Defendant asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1, ¶ 4.)  Diversity jurisdiction requires that the amount in controversy exceeds

3

$75,000 and that the suit is between citizens of different states.  28 U.S.C. § 1332(a).  Plaintiff does not challenge the amount in controversy.  (Doc. No. 7; 10.)  The only issue then is whether Defendant has established that complete diversity exists.

## II.    Analysis

Plaintiff argues that Defendant TransUnion LLC improperly uses the citizenship standard for corporations by citing to its state of organization, principal place of business, headquarters, and "nerve center."  (Doc. No. 7.)  Plaintiff argues that Defendant's citizenship as a limited liability corporation is instead determined by the citizenship of all its members. (Doc. No. 7.)  Plaintiff contends that Defendant did not carry its burden of establishing complete diversity and should not be permitted to amend.  (Doc. No. 7.)  Defendant responds that while it erred in its citizenship standard, the appropriate remedy is amendment rather than remand. (Doc. No. 9.)  Defendant also argues that its citizenship is the same under the proper standard and complete diversity exists. (Doc. No. 9.)  Plaintiff replies that the law permitting amendment of defective jurisdiction reaches only defects of form, not substance, and that Defendant's mistake is substantive. (Doc. No. 10.)  Plaintiff also contends that Ninth Circuit precedent requires citizenship tracing to stop at TransUnion LLC's sole member, TransUnion Intermediate Holdings, Inc., which Defendant inadequately alleges the citizenship of. (Doc. No. 10.)

### A. Amended Notice of Removal

A defendant's notice of removal may be freely amended during the initial thirty-day period set forth in 28 U.S.C. § 1446(b).  28 U.S.C. § 1446(b); Overholt v. Airista Flow Inc., 2018 WL 355231, at *3 (S.D. Cal. Jan. 10, 2018).  And as both Plaintiff and Defendant acknowledge in their briefing, the Ninth Circuit has repeatedly held that defendants may amend defective allegations of jurisdiction in their notice after the thirty-day period has lapsed, as long as the initial notice was timely filed and the amended notice sets forth the same legal grounds for removal.  Barrow Dev. Co. v. Fulton Ins. Co., 418 F.2d 316, 318 (9th Cir. 1969); Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 793–94 (9th Cir. 1996).  Courts have also noted that they are free to construe a defendant's opposition

to a motion to remand as an amendment to its notice of removal.  Overholt, 2018 WL 355231, at *3 (S.D. Cal. Jan. 10, 2018) (citing Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969)).

Defendant properly requests to amend its defective allegation of jurisdiction.  The Ninth Circuit expressly permits such amendments to notices of removal after the initial thirty-day period.  Barrow, 418 F.2d at 318.  Defendant's initial notice of removal was timely filed and Defendant does not assert a new ground for removal in the amended notice. (Doc. No. 9, Ex. A.); Jenkins, 95 F.3d at 793–94.  Defendant continues to seek removal under diversity jurisdiction and does not substantively alter its legal basis for doing so in its amendment.  Plaintiff argues that switching from the LLC test for citizenship to the corporation test for citizenship is too substantive for an amendment; however, Ninth Circuit cases have demonstrated a trend line between what is an acceptable defect in form and what is an unacceptable change in legal basis.  Compare Barrow, 418 F.2d at 318 (permitting a defendant corporation to amend its "clearly inadequate" and defective allegations of citizenship); with Rockwell Intern. Credit Corp. v. U.S. Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987) (denying defendant's amended notice because it switched its legal basis for removal from diversity jurisdiction to a "real party in interest" argument).  The Court therefore permits Defendant to amend its defective allegations of jurisdiction.

**B. Sufficiency of Amended Diversity Jurisdiction**

For purposes of diversity jurisdiction, an individual litigant is a citizen of the state in which he or she is domiciled.  Gilbert v. David, 235 U.S. 561, 565–71 (1915); Munoz v. Small Bus. Admin., 644 F.2d 1361, 1365 (9th Cir. 1981).  Limited liability companies like Defendant are citizens of all states of which their members are citizens.  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Defendant's amended notice of removal properly establishes diversity jurisdiction. The amended notice states that Plaintiff's complaint alleges he is domiciled in California. (Doc. No. 9-2, ¶ 5.)  Defendant asserts that it is not a citizen of California.  Defendant's

sole member, TransUnion Intermediate Holdings, Inc., is a citizen of Delaware and Illinois because it is a Delaware corporation with principal place of business in Illinois. (Doc. No. 9-2, ¶ 6.)  Plaintiff challenges these assertions as insufficient.  (Doc. No. 10.)  However, Defendant attaches a declaration from a Senior Director of Human Resources at TransUnion LLC, Danielle Kerry, to support its assertion.  (Doc. No. 9-2, ¶ 6.)  Kerry attests that she is familiar with the corporate structure of Defendant, that TransUnion Intermediate Holdings, Inc. is a Delaware corporation with its principal place of business in Illinois, and that TransUnion Intermediate Holdings, Inc. has no employees or assets, but nearly all "high-level corporate decisions of TransUnion" are made in its Chicago, Illinois headquarters.  (Doc. No. 9-1, Kerry Decl., ¶¶ 4–6.)  The Court thus rejects Plaintiff's arguments that Defendant's amended notice fails to establish diversity jurisdiction.

### Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for remand. Defendant is ordered to file its amended notice of removal within fourteen (14) days of the date of this order.

**IT IS SO ORDERED.**

DATED: July 8, 2026

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

3:26-cv-02209-H-JAC